# IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND
### Greenbelt Division

| | |
|---|---|
| AMANDA MAIZE )<br><br>Plaintiff, )<br><br>vs. )<br><br>METROPOLITAN LIFE INSURANCE )<br>COMPANY )<br><br>Defendant. ) | CA # |

## COMPLAINT FOR
## DISABILITY BENEFITS UNDER ERISA

### JURISDICTION AND VENUE

1.	Plaintiff, Amanda Maize, brings her claims against Defendant, Metropolitan Life Insurance company, pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et. seq.* (herein "ERISA").

2.	Plaintiff seeks an Order that clarifies her plan beneficiary's rights to past and future benefits under the terms of an employee welfare plan. Specifically, she seeks: a) a declaration and enforcement of her rights under the long-term disability insurance policies at issue and/or the employee benefit plan (which is an "employee welfare benefit plan" as defined by ERISA), b) a reinstatement of benefits, c) the payment of all back benefits due with pre-judgment and post-judgment interest, d) the enforcement of rights under the long-term disability insurance policy and/or the employee benefits plan, e) the clarification of rights to future benefits

under the long-term disability insurance policy and/or the employee benefits plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3), and f) an award of attorney's fees and costs.

3.      Venue and jurisdiction are proper pursuant to 29 U.S.C. § 1132(f).

## PARTIES

4.      Plaintiff is a former employee of Cellco Partnership, d/b/a Verizon Wireless and Affiliates ("Employer"). While employed there in the Hanover, MD location, and while covered by the Group Long Term Disability Plan ("The Plan") for employees of the Employer, she became disabled as that term is defined by the Plan.

5.      The Cellco Partnership, d/b/a Verizon Wireless and Affiliates Disability Income Insurance Plan ("The Plan") is an employee welfare benefit plan established under ERISA.

6.       Verizon, as plan administrator of the Plan, is responsible for the actions of each of its fiduciaries and "deemed fiduciaries."

7.      Metropolitan Life Insurance Company ("MetLife") was Claims Administrator during all times relevant to this complaint.

8.      Under the terms of the Plan, Verizon is the Plan Administrator of the Plan.

9.      Under the terms of the Plan, MetLife is responsible for payment of all benefits owed under the Plan.

## THE EMPLOYEE WELFARE BENEFIT PLAN

10.     The Plan has delegated disability claims administration to MetLife.

11.     The Employer, and MetLife are fiduciaries pursuant to 29 U.S.C. § 1133(2) and 29 C.F.R. § 2560.503-1(g) (1999) and/or "deemed fiduciaries" pursuant to 29 U.S.C. § 1002(21)(A) and 29 C.F.R. § 2560.503-1(g)(2) (1999).

12.     MetLife, upon information and belief, has made all decisions regarding Plaintiff's claim for disability benefits in this case.

## HISTORY OF THE CLAIM

13.     Plaintiff worked for the Employer until she became disabled on October 31, 2016.

14.     Based on Plaintiff's conditions, MetLife found her disabled from her date of disability until March 26, 2020.

15.     MetLife issued an adverse benefit determination on March 27, 2020

16.     Plaintiff timely appealed the denial of her claim for benefits.

17.     MetLife affirmed its denial of Plaintiff's benefits by way of a letter dated June 2, 2021.

18.     Plaintiff has exhausted the administrative remedies for her disability claim.

## COUNT I - Wrongful Denial of Long-Term Disability Benefits

19. At all times relevant, Plaintiff has met the Plan's definition of disability.

20. The Plan provides for lost income benefits.

21. Plaintiff timely gave notice of disability and applied for disability benefits under the Plan.

22. MetLife has violated the plain language of the Plan; 29 U.S.C. § 1133 (Claims procedure); and 29 U.S.C. § 1104 (Fiduciary duties).

23. Plaintiff is entitled to long-term disability benefits under the Plan, including past-due benefits; reinstatement of benefits; pre-judgment interest; post-judgment interest; and attorney's fees pursuant to ERISA.

24. Plaintiff is entitled to these benefits because the benefits are permitted under the policy issued by the Employer; she has satisfied all conditions precedent to be eligible to receive the benefits and she has not waived or otherwise relinquished the entitlement to the benefits.

## RELIEF SOUGHT

Plaintiff respectfully requests that this Court enter an Order declaring the following:

1. No deference be granted to the decision of the Defendant to deny benefits.

2. That she is entitled to long-term disability benefits under the policy.

3. That she is entitled to payment of past-due long-term disability benefits.

4. That she is entitled to payment of pre- and post-judgment interest.

5. That she is entitled to payment of attorney's fees and costs.


Respectfully submitted,

*Amanda Maize*
By Counsel


_____/s/_____
Brian Glass | MDD #21933
Benjamin W. Glass, III & Assoc., PC
3998 Fair Ridge Drive, #250
Fairfax, VA 22033
703-591-9829 phone | 703-783-0686 fax
Brian@BenGlassLaw.com

*Counsel for Plaintiff*